## LEWIS UMLAUF
### v.
## VICTORIA UMLAUF.

*Divorce—Custody of Children—Petition to Change—Scope of Inquiry.*

1. Where a decree of divorce provided that the children should remain under the care, custody and tuition of the mother, until the further order of the court, and such decree has not been brought to this court for review, upon a petition by the father to have the custody of the children changed, the inquiry is limited to matters set up in the petition, arising since the entry of the decree.

2. Upon the entry of a decree of divorce, the court will chiefly regard the good of the children in making provision for their custody.

[Opinion filed December 7, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. WM. T. AMENT and C. C. STRAWN, for appellant.

Messrs. BLANKE & CHYTRAUS and JOHN WOODBRIDGE, for appellee.

GARY, J. On the 22d day of April, 1887, in the Superior Court, the appellant obtained a decree for divorce from the appellee on the ground of desertion, and in that decree the court ordered that the two sons of the parties, then aged nine years and six years and six months, respectively, should remain under the care, custody and tuition of the defendant (appellee) until the further order of the court.

The court found and recited in the decree, that both parties were fit to have the custody, care and tuition of the children, but that "on account of the tender ages and present physical condition of said children, it is for their better welfare that they remain" with her. The decree also required him to pay her forty dollars per month for their support. That decree remains in force; neither party appealed from it. It is now to be taken as a wise exercise of the judicial discretion of that court.

On the 13th of October in the same year, the appellant presented to that court his petition, asking that the custody of the children might be "restored" to him. The only matters of fact which he alleges as the ground of his petition, and which by any construction can be considered as relating to what has happened since the decree, are stated in his petition as follows:

"This petitioner further states to the court that the slight indisposition of said children, alleged to have existed at the time of the entry of the aforesaid decree, has long since passed away; that he can properly support and maintain them under his own roof for about one half the sum of money which the

said decree required him to pay for their maintenance elsewhere, and that he can not afford the said unnecessary expenditure." The petition then proceeds: "Petitioner further says that he ought to be invested with the care, custody and control of his said son Arthur, who is now about nine years and six months of age, and of the brother of said Arthur, who is now about seven years of age, for the reasons following:

"1. Because it is for the unquestioned best moral and physical welfare of the said children.

"2. Because he can maintain the said children on less expense at his own home.

"3. Because your petitioner has never waived, lost or forfeited his right to the custody of the said children.

"4. Because your petitioner has never committed any act or deed for which the law of the land will compel him to maintain two separate homes, or to enforce a separation of his children, or that any of them should, during their minority, be taken and kept away from him, and to be raised as in hostility and as strangers to him.

"5. Because the law of the land does not reward the guilty and punish the innocent.

"Wherefore, for the reasons aforesaid, and for others not above stated, your petitioner respectfully asks that justice may be done to him and to his children, and that the said children, Arthur and Oscar, may be restored to the custody of petitioner."

On the hearing of the petition the only evidence introduced as to what in this opinion are called "matters of fact," related to the physical health of the children, and the cost of the petitioner of maintaining the children at his own house, being less than he was required to pay to the appellee. As to the amount he is, by the decree, required to pay, it appears by the record that the court was inclined to reduce it, but the appellant did not, in his petition or at the hearing, ask for a reduction, and he can not assign as error that the court failed to do what was not asked.

Without reciting the evidence it is sufficient to say that it does not appear that the condition of the children had changed

since the decree, except that they were a few months older.
The effort of the appellant, on the hearing of the petition
and on this appeal, is, in effect, to review the decree of divorce
so far as it relates to the custody of the children. That can
not be done on this appeal.

That this court should review that decree, it must be brought
here by appeal or writ of error. All reasons addressed to this
court, on this appeal, why the court ought to have changed
the custody of the children, must be based upon what has
happened since the decree, and not upon the character or con-
dition of the parties, or of the children, at the time the decree
was made.

The relative cost to the petitioner of the two modes of
supporting the children is not a new ground. It exists, and
at the time of the decree existed, in the nature of things.

The custody of children in cases of divorce is a subject as
delicate as any with which courts have to deal. The good of
the child is the chief thing to be regarded. 2 Bishop M. &
D. Sec. 529; Hewitt v. Long, 76 Ill. 399.

In Wilkinson v. Deming, 80 Ill. 342, it is held that where a
decree of divorce gives to the complainant absolutely the cus-
tody of a child, it takes from the defendant all power there-
after over the infant until it shall be restored by the action of
a proper court. Whether the custody shall be given to the
complainant or defendant, is to be determined by the court
when it enters the decree for divorce. A decree, if wrong, is
just as invulnerable to collateral attacks as a right one. This
court does not intimate that the decree between these parties
was not right. The court that has before it the parties and
the children has the same superior facilities for judging as to
the proper custody that a jury, or a court trying a cause with-
out a jury, has for passing upon the credibility of the wit-
nesses. The whole case is not here for a trial *de novo*.

Great stress is laid by the appellant upon the assumed facts
that the appellee treats the children with cruelty, is raising
them in hostility to the appellant, and permits them to associ-
ate with one person named, with whom no association by them
ought to be allowed. In this petition no such ground for

Umlauf v. Umlauf.

changing the custody was alleged.  If, however, the rule that the allegations and the evidence must correspond to each other were relaxed, the case only shows that the appellant and his witness testify that the oldest one of the children, in interviews with them, said that this improper associate came and stayed frequently over night, and played with him; that, at the time of one of the interviews, this boy had a bruise on his head, and said his mother whipped him often; and they described the conduct of appellee and the chi'dren, especially the youngest, indicating that the children were taught to regard the appellant with aversion.

The children, who were on the stand as witnesses, deny the whole matter, as does the appellee, and to some extent she is corroborated in several particulars by other witnesses.  It appears that the boys have two uncles of the same first name. The appellant insists that the boys are permitted to associate with the bad one, while the appellee contends that it is the other.  What was the extent of the intercourse, and with whom, was for the Superior Court, upon the conflicting testimony, to decide.

And as to the sentiments of the children toward the appellant, and the influence exerted to produce them, the treatment of the children by the appellee, and the many considerations by which what would be for the welfare of the children is to be determined, the presence of the parties and the children in the court was an aid which a court of review can not have.

The only inquiry is whether the court erred in not changing the custody because of a changed condition of the parties or the children, or improper conduct by the appellee since the decree, and there being no such error the decree dismissing the petition is affirmed.

*Decree affirmed.*