Effie M. Wilson v. Leander F. Elliott.

No. 1194. Decided April 27, 1903.

**1.—Divorce—Custody of Child—Decree of Sister State.**

A decree of divorce in another State was res judicata in this State as to the award of the custody of the minor child of the parties, being in this respect, as well as to the divorce, a judgment to which credit is required to be given by the Federal Constitution. (Pp. 476, 477.)

**2.—Res Judicata—Custody of Minor.**

The right of the husband to the custody of his child at the time a decree of divorce was pronounced in another State, was fixed by that decree awarding it to him, but not fixed for all time. Where the child came within the jurisdiction of another State, it was open to its courts to inquire into the present fitness of its parents, respectively, for the custody, but not to hear evidence as to their conduct preceding the divorce, except as such evidence might corroborate proof as to their subsequent conduct or fitness. (Pp. 477, 478.)

Questions certified from the Court of Civil Appeals for the Fourth District, in an appeal from El Paso County.

*S. P. Weisiger* and *Turney & Burgess,* for appellant.—The court, in passing upon the issue in this proceeding, is not bound by the order of the New Mexico court awarding the custody of this child to the father, and this court is not bound to observe nor consider the same, this child not being a party to the divorce proceeding, and the order being merely ancillary to the divorce proceeding. 2 Bish. on Marr., Div. and Sep., ed. of 1891, secs. 1187, 1889, 821-825; Church on Habeas Corpus, ed. of 1884, sec. 446; In re Bort, 25 Kan., 309; Avery v. Avery, 5 Pac. Rep., 418; Lynde v. Lynde, 162 N. Y., 405; Cox v. Cox, 19 Ohio St., 511; Rodgers v. Rodgers, 43 Pac. Rep., 781; Green v. Campbell, 35 West Va., 698; Campbell v. Campbell, 37 Wis., 211; Hewitt v. Long, 76 Ill., 410.

The court in passing upon the issue in this case should not have confined his investigation of facts occurring prior to the divorce to "the proceeding in said New Mexico court for a divorce, as set out and shown in exhibit A, attached to and made a part of the statement of facts in this case," but should have considered any evidence of any fact, either past or present, which would have afforded him any assistance in arriving at a correct conclusion as to what would be to the best interest of this child. Rev. Stats. of Texas, 1895, art. 2987; United States v. Green, 26 Fed. Cases, 30, No. 15,256; Church on Habeas Corpus, ed. of 1884, 446; 17 Am. and Eng. Enc. of Law, 1 ed., 454, 455; Miner v. Miner, 11 Ill., 49, 50; Cowls v. Cowls, 3 Gilman, 435; Hibbett v. Baines, 80 Miss., —; State v. Stigall, 22 N. J. Law, 287-9; Bish. on Mar., Div. and Sep., ed. of 1891, secs. 1161, 1183.

The child having arrived at the age of discretion and having expressed a desire to remain with her mother instead of her father, the court should have permitted her to do so. United States v. Green, 26 Fed. Cases, 30, No. 15,256; Bish. on Mar., Div. and Sep., sec. 1173; Church on Habeas Corpus, ed. of 1884, 447-8; 17 Am. and Eng. Enc.

of Law, first ed., 370-1; 9 Am. and Eng. Enc. of Law, first ed., 246-7; Hewitt v. Long, 76 Ill., 410-411; State v. Stigall, 22 N. J. Law., 287-9; Green v. Campbell, 29 Am. St. Rep., 843; Sharp v. Banks, 25 Ind., 500; State v. Smith, 20 Am. Dec., 333.

*Clark, Fall, Hawkins & Franklin,* for appellee.—A court of competent jurisdiction in New Mexico having jurisdiction over the parties residents and citizens of New Mexico and jurisdiction over the subject matter involved, having in a divorce proceeding, after a full hearing of the parties, awarded the custody of the minor child then in New Mexico to the father, and the mother thereafter having unlawfully fled to Texas with said child, the courts of Texas under the circumstances will, in a habeas corpus proceeding instituted by the father here against the mother for the unlawful detention here of said child, except upon clear evidence of the father's unfitness, uphold the father's right to the custody of the child as awarded by the court of New Mexico. Sec. 1, art. 4, Const. U. S.; Jordan v. Jordan, 4 Texas Civ. App., 561; Rev. Stats. of U. S., sec. 905; Church on Habeas Corpus, 2 ed., sec. 451a.

The custody of the child was of the subject matter and vital issue presented by both parties in their pleadings in the divorce case, the child was actually within the jurisdiction of the court, and if not a constructive party to said suit, it was the subject matter of litigation, and the decree of the court under these circumstances as to the custody of the child was binding upon the plaintiff and defendant and the child, in the Territory of New Mexico, and being there binding upon the parties and the child, the decree of that court being regular will by the courts of this State be given such faith and credit as such decree would have in the Territory of New Mexico, unless a showing is made of facts which have arisen since the decree was rendered, and which prove that since the decree the custodian has become an unfit and improper person to have possession of the child.

The statute of this State fixes the age at which a child may choose its own guardian at fourteen years; the child in question is only eleven years of age; the courts are not bound and will not respect the wishes of the child when its election would lead it into an improper custody; aside from this, there being no new state of facts, and no change in material circumstances existing at the time of the final decree of the New Mexico court that decree should have been adjudged res adjudicata. Mercein v. People, 25 Wend., 64; and see three last subdivisions of the note or monograph to State v. Smith, 20 Am. Dec., 336; 17 Am. Dig. (Century ed.), p. 1039, sec. 843, and the authority there cited.

### OPINION OF COURT OF CIVIL APPEALS.

JAMES, CHIEF JUSTICE.—This is a habeas corpus proceeding by appellant, the father of an 11-year-old daughter, to obtain the custody of the child held by appellant, its mother.

On May 4, 1899, the parties were divorced by decree of the District

Court of New Mexico. In that, and in proceedings supplemental thereto, that court entered decrees, the substance of which as finally made was that the father should have the custody of the child, with the provision "that the child should be permitted to visit its mother once a year for the period of one month during the month of July, that said visit shall be made within the Territory of New Mexico, and the said child shall not be removed from said Territory by her mother." The said court had jurisdiction of the parties including the child.

The mother remarried in New Mexico, and afterwards she and her husband removed to El Paso, Texas, she bringing with her the child, in disregard of said decree.

At the trial of the present case the parties introduced testimony concerning the character, conduct and fitness of each other, prior to and since the said decree, but the district judge, as shown by conclusions on file, held that the territorial decree was binding on him under the Constitution and laws of the United States; and as is evidenced by the certificate to the statement of facts, the court refused to consider as evidence on the trial any evidence of any fact that occurred prior to the decree of divorce in New Mexico excepting the proceeding in said New Mexico court as set out and shown in exhibit A hereto attached." This exhibit consists merely of the pleadings and decree.

It is made quite clear that the judge treated the decree as res adjudicata absolutely, and as entitling the father to possession of the child, and that all he could consider was evidence of changed conditions of the parties since the said decree, bearing on their fitness and the best interests of the child. The judge expresses his conclusion in these words: "I find that since the decree or the modified or amplified decree as to the custody of the child, there has been no material change in the status or condition of said parties as to their fitness or qualification as proper custodians of said child." In other words, the New Mexico decree was held to determine all facts existing prior to its date in favor of the father's right to its custody, and only such facts could now be considered to disturb that adjudicated right, which may have come into existence since that time.

We have examined all the assignments and there is no error that we can discover, unless it be the effect given to said decree. It is insisted by appellant that article 4 of the Constitution of the United States, requiring full faith and credit to be given in each State to the public acts, records and judicial proceedings of every other State, and the acts of Congress thereunder, have no application to a decree of this kind. We come to the conclusion that the law is with this contention. Were the subject matter of the decree property, or a matter in which the parents were solely concerned, the decree would by reason of said article be entitled to the effect which the trial court has given it. But neither of these propositions is true. The child is not in any sense property of the parents. It is also equally well established that the government has an interest in the welfare and consequently in the question of the custody

and environments of the child, and to this the rights of the parents are entirely subordinate. Legate v. Legate, 87 Texas, 252; State v. Michel, 54 Law. Rep. Ann., 927. This interest and concern of the State is exemplified in the exercise of the power in any such case where the circumstances render it appropriate, by taking the child from both of them and placing it in custody of a third person. See cases above cited, also In re Bort, 25 Kan.

In Jordan v. Jordan, 4 Texas Civ. App., 559, it was held that when the custody of the child was awarded to the father in a divorce proceeding, in this State, the decree was res adjudicata as between the parties of their respective claims to the possession of the child as matters stood at that date.

Whatever force such a decree would have as a conclusive adjudication in this State it would derive from the fact that our statute in terms authorizes, in a divorce case, the giving of the custody to one parent as against the other; and from the further fact that the decree being by a court of this State, one of the State's own agencies, it might and ought to be presumed that the interest and policy of the State were regarded in deciding that the father was a proper custodian as against the mother, in view of the welfare of the child. These considerations, it appears to us, have no reference to a decree of this character rendered in another State.

We see no reason why our courts should be hampered in a matter of this kind by a previous decision in another State or Territory, and unless such a judgment falls strictly within the constitutional provision referred to, we would not be required to give effect to it.

The child in controversy is found within this State in the possession of its mother, who resides here. This is not a question of extradition. The citizenship of the parties or of the child is immaterial. Our courts are appealed to in the usual way by habeas corpus to interpose in respect to the custody of the child, and the matter is to be determined in accordance with the rules and policy of this State in such matters. The State of Texas is constructively a party to this proceeding and to all proceedings of like character within its jurisdiction. Here we find at once a difference in parties, for the State of Texas had no part in the proceeding in New Mexico. The provision referred to seems to us to have no application except where the subject is property, or some matter in which only the parties to the decree are the ones affected, and the very fact that the State of Texas, a third party, is now concerned in the subject matter, takes the decree out of the rule. In re Bort, 25 Kan.; Avery v. Avery, 5 Pac. Rep., 422; People v. Allen, 105 N. Y., 628.

We are therefore of opinion that the court erred in giving effect to the New Mexico decrees, and in refusing to consider much of the evidence which, so far as we know, might have led to a different judgment.

*Reversed and remanded.*

Delivered and filed January 21, 1903.

GAINES, CHIEF JUSTICE.—The Court of Civil Appeals for the Fourth Supreme Judicial District have certified to us the following statement and question:

"On may 4, 1899, the appellant and appellee were divorced by decree of the District Court of New Mexico, where they resided. They had a daughter who is now 11 years of age. The New Mexico court had jurisdiction of the subject matter and of the parties, including the child. The final decree in that proceeding adjudicated that the father (appellee here) should have the custody of the child with the provision 'that the child should be permitted to visit its mother once a year for the period of one month during the month of July, that said visits shall be made within the Territory of New Mexico, and the said child shall not be removed from said Territory by her mother.'

"The mother remarried in New Mexico, and with her husband removed to El Paso, Texas, she bringing with her the child in disregard of said decree.

"This is a habeas corpus proceeding, in the District Court of El Paso County, by the father to obtain possession of the child, and the proceeding took place in vacation.

"At the hearing the parties introduced testimony concerning the character, conduct and fitness of each other prior to and since the date of the territorial decree, but the judge, as shown by his certificate to the statement of facts, 'did not consider as evidence on the trial any evidence of any fact that occurred prior to that decree, excepting the proceeding in said New Mexico court as set out in exhibit A hereto attached.' The exhibit thus referred to consists only of the certified pleading and decree of the New Mexico court. The testimony introduced and which the judge certifies he did not consider, affected the fitness of the parents respectively and was conflicting. The certificate to the statement of facts and also the judge's conclusions of law show that in disposing of the issues involved herein, he treated the New Mexico decree as conclusive of all matters at its date, and that he could and did consider only evidence of what has occurred since that date. The case is pending in this court on rehearing, and we therefore accompany this with copy of this court's opinion and copy of the motion for rehearing.

"Question: Was the district judge correct in the effect given by him to the New Mexico decree?"

In treating of the effect of an order of a court of another State or country, awarding the custody of children in a decree of divorce, Mr. Bishop says: "Under our National Constitution, this order is plainly a record to which, if the court has jurisdiction, the same faith and effect permitted it in the State of its rendition must be given in every other State. And the true rule in the State of its rendition is that it is res judicata, concluding the question. But it does not conclude the question for all time, since new facts may create new issues. Nor, since the relation of parent and child is a status, rightfully, like marriage,

regulated by any State in which the parties are domiciled, does the order in one State operate as an estoppel of all future inquiry in the courts of another State wherein the child has acquired a domicile." 2 Bish. on Marr. and Div., 2 ed., 1189. We think that this is a correct exposition of the law and that it is sustained by the following authorities cited by the author: Dubois v. Johnson, 96 Ind., 6; Umlauf v. Umlauf, 27 Ill. App., 375; Jennings v. Jennings, 56 Iowa, 288; State v. Bechdel, 37 Minn., 360; White v. White, 75 Iowa, 218; Sherwood v. Sherwood, 56 Iowa, 608; Teter v. Teter, 88 Ind., 494; Mercein v. The People, 25 Wend., 64; Taylor v. Jeter, 33 Ga., 195; Bennett v. Bennett, Deady, 299. It follows, that, in our opinion, the status of the father as a proper person to have the custody of the child at the time the decree of the territorial court of New Mexico was rendered was fixed by that decree, and that the judgment that he was entitled to such custody is res adjudicata; but that the order is not a bar to a subsequent proceeding to modify it upon proof that the situation and character of the respective parties has so changed as to render it to the interest of the infant that it be committed to the care of the mother. In the case of Dubois v. Johnson, previously cited, the court after quoting from the opinion in Williams v. Williams, 13 Ind., 523, says: "The substance of this is that courts may modify the decree awarding the custody of children in divorce cases, but such modification must be upon matters which have arisen subsequent to the decree." The question upon the first trial in a case of a character of this, is, which is the more suitable party to be intrusted with the care of the child at that time; the question in the subsequent proceeding is, which is the more suitable at the time of that trial. Since in determining the second question the first can not be agitated, it follows, that evidence of prior conduct of either party can not be introduced except to corroborate some evidence of similar conduct, which was developed since the original decree. As just intimated, we think, however, where testimony upon the second trial tends to show misconduct on the part of the one to whom the custody has been previously committed, and that he or she, since the first, has become a person not suitable for so important a charge, the rule of res adjudicata would not preclude the introduction of evidence of conduct previous to the first decree,—provided it tended to corroborate the evidence of subsequent conduct of a like nature. For example, upon the second trial evidence might be introduced tending to show that the party had, since the first, become a spendthrift, had wasted his subsistence, and was incapable of maintaining and educating the child as it should be maintained and educated. In such a case we see no reason why improvident conduct previous to the first decree may not be offered in evidence. Or if upon the second trial evidence be introduced tending to show that since the first the party has become an habitual drunkard, we think that it might be shown in corroboration that previous to the first trial he was accustomed to use intoxicating liquors to excess.

The certificate of the Court of Civil Appeals does not set forth the

evidence which the judge had before him, and we get an unsatisfactory idea of it from the briefs to which we are referred. Without knowing all the evidence in the case bearing upon the issue presented, we can not give a direct answer to the question; but trust the foregoing may be sufficient to guide the court in the decision of the point.