**William Landy DOWELL, Appellant,**

v.

**Cheryl Jean DOWELL, Appellee.**

**No. 08–06–00180–CV.**

Court of Appeals of Texas, El Paso.

Feb. 7, 2008.

Anthony Foster, Alpine, for Appellant.

Monty Kimball, Alpine, for Appellee.

Before CHEW, C.J., McCLURE, and CARR, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

William Landy Dowell appeals from a summary judgment terminating his parental rights. We reverse and remand for trial on the issue of best interest.

### FACTUAL SUMMARY

William Landy Dowell and Cheryl Jean Dowell were divorced on May 28, 2002 and named joint managing conservators of their two children. The terms for conservatorship and possession were resolved by a mediated settlement agreement and incorporated in the agreed final decree. William was ordered to pay child support in the amount of $540 per month, but he fell behind on his payments almost immediately. The trial court held him in contempt on August 18, 2003, and awarded Cheryl a money judgment in the amount of $8,334.72. William made one partial payment on September 30, 2003, but he paid no support after that date. Sometime prior to September 2005, William was convicted of a federal drug offense [1] and incarcer-

---

1. The record before us does not reflect the exact offense but Cheryl refers to it as a "drug

ated in a federal prison with an expected release date of 2012. On September 22, 2005, he filed a motion to modify seeking to have his child support obligations suspended during his incarceration. Cheryl countered with a petition to terminate William's parental rights based on his failure to support the children and his inability to care for them due to his incarceration. Cheryl filed a traditional motion for summary judgment based solely on William's deemed admissions and her own affidavit. William did not file a response, but his attorney appeared at the summary judgment hearing and argued that the evidence did not establish that termination was in the children's best interest. The trial court denied William's motion to modify and granted summary judgment terminating his parental rights.

## BEST INTEREST OF THE CHILDREN

In his sole issue, William complains that the trial court erred in terminating his parental rights because the summary judgment evidence did not establish that termination is in the best interest of the children.

### Standard of Review

We review a summary judgment *de novo* to determine whether a party's right to prevail is established as a matter of law. *Capitan Enterprises, Inc. v. Jackson,* 903 S.W.2d 772, 775 (Tex.App.-El Paso 1994, writ denied). In a traditional summary judgment proceeding, the moving party carries the burden of showing there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. *Browning v. Prostok,* 165 S.W.3d 336, 344 (Tex.2005). In resolving the issue of

whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor. *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985). To prevail on summary judgment, a plaintiff must conclusively establish all elements of her cause of action as a matter of law. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil and Gas Corp. v. Marine Contractors and Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982).

### Statutory Requirements

To terminate parental rights, a petitioner must establish by clear and convincing evidence that (1) the parent has committed one or more of the statutory acts or omissions, and (2) termination is in the best interest of the child. Tex.Fam. Code Ann. § 161.001(1), (2)(Vernon Supp. 2007); *In re J.L.,* 163 S.W.3d 79, 85 (Tex. 2005). Cheryl sought termination on two statutory grounds:

(1) he failed to support the children in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition; and

(2) he knowingly engaged in criminal conduct that has resulted in his conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition.

---

trafficking" offense in her affidavit. According to a deemed admission, William was convicted of a "drug crime." The summary

judgment evidence does not reflect when the offense was committed, when William was convicted, or what sentence was imposed.

*See* Tex.Fam.Code Ann. § 161.001(F), (Q). William conceded in the trial court and in this court that the evidence is sufficient to establish that he committed the statutory grounds alleged, but he contends that the evidence does not conclusively establish that termination is in the best interest of the children. We agree.

### The Holley Factors

■■■ The Texas Supreme Court has recognized several factors to consider in determining whether termination is in a child's best interest. *Holley v. Adams,* 544 S.W.2d 367, 372 (Tex.1976). These include: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist those individuals to promote the best interest of the child; (6) the plans for the child by these individuals or by the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent which may indicate the existing parent-child relationship is not proper; and (9) any excuse for the acts or omissions of the parent. *Id.* The *Holley* factors are not exhaustive, and no single consideration is controlling. *Id.* Likewise, a factfinder is not required to consider all of them. *Id.* Undisputed evidence of just one factor may be sufficient in a particular case to support a finding that termination is in the best interest of a child. *In the Interest of C.H.,* 89 S.W.3d 17, 27 (Tex. 2002). On the other hand, the presence of scant evidence relevant to each *Holley* factor will not support such a finding. *Id.* The *Holley* factors focus on the best interest of the child, not the best interest of the parent. *Dupree v. Texas Department of Protective & Regulatory Services,* 907 S.W.2d 81, 86 (Tex.App.-Dallas 1995, no

writ). We indulge in a strong presumption that the best interest of the child will be served by preserving the parent-child relationship. *Wiley v. Spratlan,* 543 S.W.2d 349, 352 (Tex.1976). In reviewing the record, we keep in mind that the evidence establishing a statutory ground for termination may also be probative of the best interest issue. *C.H.,* 89 S.W.3d at 28.

### Summary Judgment Evidence

■■■ As we have mentioned, the summary judgment evidence consists solely of William's deemed admissions and Cheryl's affidavit. The deemed admissions are:

- William is currently serving time in a federal penitentiary following conviction of drug crimes;
- He is currently in arrears in his child support obligations;
- His projected release date is 2012;
- He has failed to support his children in accordance with the Agreed Decree of Divorce and Order of Contempt;
- He has failed to provide medical insurance for the children; and
- He has knowingly engaged in criminal conduct that resulted in his conviction for an offense and inability to care for the children not less than two years from the date the termination petition was filed.

We turn now to Cheryl's three-page affidavit. With regard to best interest, Cheryl states:

- During the course of our marriage, [William] used drugs, once while my son was in the house. His current federal conviction on a drug trafficking charge shows a continued course of conduct using illegal substances.
- During the course of our marriage, [William] physically attacked me, broke my arm and threatened to kill me. Consequently, we agreed to exchange the

children for his periods of possession at the Alpine Police Department. On [William's] designated visitation periods, I would drive to the police station with the children and [William] would not show up. His failure to exercise his visitation, without providing any notice he would not arrive, caused my son in particular extreme emotional anxiety. My son would be devastated by the failure and would worry for the safety of his father. From the time of divorce until today, [William] only chose to pick up his children six times. He callously disregarded the emotional well being of the children by his failure to exercise even the most rudimentary courtesy of calling to inform me that he would not exercise visitation.

• [William] has a history of family violence. He has a history of drug use. He is a convicted felon of a drug trafficking crime. He has failed to provide any assistance for the care of the children, failed to pay his child support and yet he has enough money to sue me to modify his child support obligations. His history shows a pattern of neglect that endangers the physical and emotional well being of the children.

 The evidence showing that William did not pay child support and will be unable to provide support until at least 2012 as a result of his incarceration is probative of the best interest issue. Likewise, his failure to exercise his visitation rights with the children on a regular basis prior to his incarceration is relevant to the best interest issue. This evidence relates to the eighth *Holley* factor, namely, the acts or omissions of the parent which may indicate the existing parent-child relationship is not proper. But there is no evidence of the children's desires, the emotional and physical needs of the children now and in the future, and the emotional and physical danger to the children now and in the future.

 There may be instances where the acts or omissions of the parent, standing alone, are sufficient to establish as a matter of law that termination is in the best interest of the children. *See e.g., In the Interest of T.H.*, No. 05–99–01142–CV, 2000 WL 1853042 (Tex.App.-Dallas Dec.19, 2000, no pet.)(not designated for publication)(rejecting contention that summary judgment is never appropriate to determine best interest issue; upholding termination where summary judgment evidence showed appellant was convicted of sexually abusing his own child). But here, the summary judgment evidence of William's non-support, incarceration, and limited visitation with the children is inadequate to establish as a matter of law that termination is in the best interest of the children. We reach this conclusion for two reasons. First, Cheryl's affidavit is largely conclusory with little factual specificity. Second, and more troublesome, is her failure to segregate pre-divorce and post-divorce conduct. We reject Cheryl's contention that the record clearly demonstrates a pattern or history of domestic violence. When questioned at oral argument, her attorney claimed that William committed family violence after the divorce, and that the trial court modified the possession order on July 17, 2003 to require the parties to exchange the children at the police station.[2] Counsel also argued that Cheryl obtained a protective order against William after the divorce. Neither the pro-

**2.** Alternatively, Cheryl's attorney argued that he asked the trial court to take judicial notice of the entire file. We cannot discern from the record that the court did so, nor are we confident that summary judgment could be upheld without inclusion of the file in the clerk's record.

tective order nor the modified possession order is part of the summary judgment evidence or the appellate record. Further, Cheryl's affidavit states that William physically attacked her, broke her arm, and threatened to kill her *during the course of the marriage.* The final decree is *res judicata* as to the best interest of the children at the time of divorce. *Knowles v. Grimes,* 437 S.W.2d 816, 817 (Tex.1969); *Wilson v. Elliott,* 96 Tex. 472, 73 S.W. 946 (1903); *Bates v. Tesar,* 81 S.W.3d 411, 436 (Tex.App.-El Paso 2002, no pet.). If, as Cheryl contends, William attacked her and threatened to kill her during the marriage, she nevertheless agreed to joint managing conservatorship and a standard possession order. That is not to say that evidence of pre-divorce violence is never admissible-it is admissible to show a continuing course of conduct. *Wilson,* 73 S.W. at 947 ("[E]vidence of prior conduct of either party cannot be introduced except to corroborate some evidence of similar conduct . . . since the original decree."); *Colvin v. Colvin,* No. 03–03–00234–CV, 2004 WL 852266 *5 (Tex.App.-Austin April 22, 2004, no pet.)(mem. op. not designated for publication); *Hollon v. Rethaber,* 643 S.W.2d 783 (Tex.App.-San Antonio 1982, no writ). It may well be that upon remand, Cheryl can offer precisely the evidence needed. But on this record, she falls far short.

Because we conclude that Cheryl did not carry her burden of establishing her right to summary judgment, we sustain the sole issue for review. The cause is reversed and remanded to the trial court for trial on the issue of best interest of the children.