Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





WILLIAM LANDY DOWELL,


 Appellant,


v.


CHERYL JEAN DOWELL,


 Appellee.

§


 


§


 


§


 


§


 


§



§

No. 08-06-00180-CV



Appeal from


 394th District Court


of Brewster County, Texas


(TC # 7744)




O P I N I O N



 William Landy Dowell appeals from a summary judgment terminating his parental rights. 
 We reverse and remand for trial on the issue of best interest.

FACTUAL SUMMARY


 William Landy Dowell and Cheryl Jean Dowell were divorced on May 28, 2002 and named
joint managing conservators of their two children. The terms for conservatorship and possession
were resolved by a mediated settlement agreement and incorporated in the agreed final decree. 
William was ordered to pay child support in the amount of $540 per month, but he fell behind on his
payments almost immediately. The trial court held him in contempt on August 18, 2003, and
awarded Cheryl a money judgment in the amount of $8,334.72. William made one partial payment
on September 30, 2003, but he paid no support after that date. Sometime prior to September 2005,
William was convicted of a federal drug offense (1) and incarcerated in a federal prison with an
expected release date of 2012. On September 22, 2005, he filed a motion to modify seeking to have
his child support obligations suspended during his incarceration. Cheryl countered with a petition
to terminate William's parental rights based on his failure to support the children and his inability
to care for them due to his incarceration. Cheryl filed a traditional motion for summary judgment
based solely on William's deemed admissions and her own affidavit. William did not file a
response, but his attorney appeared at the summary judgment hearing and argued that the evidence
did not establish that termination was in the children's best interest. The trial court denied William's
motion to modify and granted summary judgment terminating his parental rights.

BEST INTEREST OF THE CHILDREN


 In his sole issue, William complains that the trial court erred in terminating his parental rights
because the summary judgment evidence did not establish that termination is in the best interest of
the children.

Standard of Review


 We review a summary judgment de novo to determine whether a party's right to prevail is
established as a matter of law. Capitan Enterprises, Inc. v. Jackson, 903 S.W.2d 772, 775
(Tex.App.--El Paso 1994, writ denied). In a traditional summary judgment proceeding, the moving
party carries the burden of showing there is no genuine issue of material fact and that she is entitled
to judgment as a matter of law. Browning v. Prostok, 165 S.W.3d 336, 344 (Tex. 2005). In
resolving the issue of whether the movant has carried this burden, all evidence favorable to the
non-movant must be taken as true and all reasonable inferences, including any doubts, must be
resolved in the non-movant's favor. Nixon v. Mr. Property Management Co., Inc., 690 S.W.2d 546,
548-49 (Tex. 1985). To prevail on summary judgment, a plaintiff must conclusively establish all
elements of her cause of action as a matter of law. MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex.
1986); Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972). A matter is conclusively established if
ordinary minds could not differ as to the conclusion to be drawn from the evidence. Triton Oil and
Gas Corp. v. Marine Contractors and Supply, Inc., 644 S.W.2d 443, 446 (Tex. 1982). 

Statutory Requirements


 To terminate parental rights, a petitioner must establish by clear and convincing evidence that
(1) the parent has committed one or more of the statutory acts or omissions, and (2) termination is
in the best interest of the child. Tex.Fam.Code Ann. § 161.001(1), (2)(Vernon Supp. 2007); In
the Interest of J.L., 163 S.W.3d 79, 85 (Tex. 2005). Cheryl sought termination on two statutory
grounds:

 (1) he failed to support the children in accordance with his ability during a period of one year
ending within six months of the date of the filing of the petition; and


 (2) he knowingly engaged in criminal conduct that has resulted in his conviction of an
offense and confinement or imprisonment and inability to care for the child for not less than
two years from the date of filing the petition.


See Tex.Fam.Code Ann. § 161.001(F), (Q). William conceded in the trial court and in this court
that the evidence is sufficient to establish that he committed the statutory grounds alleged, but he
contends that the evidence does not conclusively establish that termination is in the best interest of
the children. We agree.

The Holley Factors


 The Texas Supreme Court has recognized several factors to consider in determining whether
termination is in a child's best interest. Holley v. Adams, 544 S.W.2d 367, 372 (Tex. 1976). These
include: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the
future; (3) the emotional and physical danger to the child now and in the future; (4) the parental
abilities of the individuals seeking custody; (5) the programs available to assist those individuals to
promote the best interest of the child; (6) the plans for the child by these individuals or by the agency
seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the
parent which may indicate the existing parent-child relationship is not proper; and (9) any excuse
for the acts or omissions of the parent. Id. The Holley factors are not exhaustive, and no single
consideration is controlling. Id. Likewise, a factfinder is not required to consider all of them. Id. 
Undisputed evidence of just one factor may be sufficient in a particular case to support a finding that
termination is in the best interest of a child. In the Interest of C.H., 89 S.W.3d 17, 27 (Tex. 2002). 
On the other hand, the presence of scant evidence relevant to each Holley factor will not support such
a finding. Id. The Holley factors focus on the best interest of the child, not the best interest of the
parent. Dupree v. Texas Department of Protective & Regulatory Services, 907 S.W.2d 81, 86
(Tex.App.--Dallas 1995, no writ). We indulge in a strong presumption that the best interest of the
child will be served by preserving the parent-child relationship. Wiley v. Spratlan, 543 S.W.2d 349,
352 (Tex. 1976). In reviewing the record, we keep in mind that the evidence establishing a statutory
ground for termination may also be probative of the best interest issue. C.H., 89 S.W.3d at 28.

Summary Judgment Evidence


 As we have mentioned, the summary judgment evidence consists solely of William's deemed
admissions and Cheryl's affidavit. The deemed admissions are:

  William is currently serving time in a federal penitentiary following conviction of drug
crimes;


  He is currently in arrears in his child support obligations;


  His projected release date is 2012;


  He has failed to support his children in accordance with the Agreed Decree of Divorce and
Order of Contempt;


  He has failed to provide medical insurance for the children; and


  He has knowingly engaged in criminal conduct that resulted in his conviction for an offense
and inability to care for the children not less than two years from the date the termination
petition was filed. 


We turn now to Cheryl's three-page affidavit. With regard to best interest, Cheryl states:


  During the course of our marriage, [William] used drugs, once while my son was
in the house. His current federal conviction on a drug trafficking charge shows a
continued course of conduct using illegal substances.


  During the course of our marriage, [William] physically attacked me, broke my arm
and threatened to kill me. Consequently, we agreed to exchange the children for his
periods of possession at the Alpine Police Department. On [William's] designated
visitation periods, I would drive to the police station with the children and [William]
would not show up. His failure to exercise his visitation, without providing any
notice he would not arrive, caused my son in particular extreme emotional anxiety. 
My son would be devastated by the failure and would worry for the safety of his
father. From the time of divorce until today, [William] only chose to pick up his
children six times. He callously disregarded the emotional well being of the children
by his failure to exercise even the most rudimentary courtesy of calling to inform me
that he would not exercise visitation. 


  [William] has a history of family violence. He has a history of drug use. He is a
convicted felon of a drug trafficking crime. He has failed to provide any assistance
for the care of the children, failed to pay his child support and yet he has enough
money to sue me to modify his child support obligations. His history shows a pattern
of neglect that endangers the physical and emotional well being of the children. 



 The evidence showing that William did not pay child support and will be unable to provide
support until at least 2012 as a result of his incarceration is probative of the best interest issue. 
Likewise, his failure to exercise his visitation rights with the children on a regular basis prior to his
incarceration is relevant to the best interest issue. This evidence relates to the eighth Holley factor,
namely, the acts or omissions of the parent which may indicate the existing parent-child relationship
is not proper. But there is no evidence of the children's desires, the emotional and physical needs
of the children now and in the future, and the emotional and physical danger to the children now and
in the future. 

 There may be instances where the acts or omissions of the parent, standing alone, are
sufficient to establish as a matter of law that termination is in the best interest of the children. See
e.g., In the Interest of T.H., No. 05-99-01142-CV, 2000 WL 1853042 (Tex.App.--Dallas Dec. 19,
2000, no pet.)(not designated for publication)(rejecting contention that summary judgment is never
appropriate to determine best interest issue; upholding termination where summary judgment
evidence showed appellant was convicted of sexually abusing his own child). But here, the summary
judgment evidence of William's non-support, incarceration, and limited visitation with the children
is inadequate to establish as a matter of law that termination is in the best interest of the children. 
We reach this conclusion for two reasons. First, Cheryl's affidavit is largely conclusory with little
factual specificity. Second, and more troublesome, is her failure to segregate pre-divorce and post-divorce conduct. We reject Cheryl's contention that the record clearly demonstrates a pattern or
history of domestic violence. When questioned at oral argument, her attorney claimed that William
committed family violence after the divorce, and that the trial court modified the possession order
on July 17, 2003 to require the parties to exchange the children at the police station. (2) Counsel also
argued that Cheryl obtained a protective order against William after the divorce. Neither the
protective order nor the modified possession order is part of the summary judgment evidence or the
appellate record. Further, Cheryl's affidavit states that William physically attacked her, broke her
arm, and threatened to kill her during the course of the marriage. The final decree is res judicata
as to the best interest of the children at the time of divorce. Knowles v. Grimes, 437 S.W.2d 816,
817 (Tex. 1969); Wilson v. Elliot, 96 Tex. 472, 73 S.W. 946 (1903); Bates v. Tesar, 81 S.W.3d 411,
436 (Tex.App.--El Paso 2002, no pet.). If, as Cheryl contends, William attacked her and threatened
to kill her during the marriage, she nevertheless agreed to joint managing conservatorship and a
standard possession order. That is not to say that evidence of pre-divorce violence is never
admissible--it is admissible to show a continuing course of conduct. Wilson, 73 S.W. at 947
("[E]vidence of prior conduct of either party cannot be introduced except to corroborate some
evidence of similar conduct . . . since the original decree."); Colvin v. Colvin, No. 03-03-00234-CV,
2004 WL 852266 *5 (Tex.App.--Austin April 22, 2004, no pet.)(mem. op. not designated for
publication); Hollon v. Rethaber, 643 S.W.2d 783 (Tex.App.--San Antonio 1982, no writ). It may
well be that upon remand, Cheryl can offer precisely the evidence needed. But on this record, she
falls far short. 

 Because we conclude that Cheryl did not carry her burden of establishing her right to
summary judgment, we sustain the sole issue for review. The cause is reversed and remanded to the
trial court for trial on the issue of best interest of the children. 

February 7, 2008 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.

1. The record before us does not reflect the exact offense but Cheryl refers to it as a "drug trafficking" offense
in her affidavit. According to a deemed admission, William was convicted of a "drug crime." The summary judgment
evidence does not reflect when the offense was committed, when William was convicted, or what sentence was imposed. 

2. Alternatively, Cheryl's attorney argued that he asked the trial court to take judicial notice of the entire file. 
We cannot discern from the record that the court did so, nor are we confident that summary judgment could be upheld
without inclusion of the file in the clerk's record.