**Affirmed and Majority Opinion and Concurring Opinions filed June 19, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00107-CV

## IN THE INTEREST OF G.M.G., A CHILD

**On Appeal from the 314th District Court
Harris County, Texas
Trial Court Cause No. 2012-04584J**

## C O N C U R R I N G   O P I N I O N

I agree with the court's opinion but write separately to emphasize two points. First, this court has not decided whether DPFS can use a motion for summary judgment to terminate a person's parental rights. As noted in footnote 2 of the majority opinion, other courts of appeals have approved of this process, but some of those cases were decided before the Texas Supreme Court expressed due process concerns in other termination matters. In this case, Father did not challenge the use of the summary judgment procedure below or on appeal, and I do not want this opinion to be cited as approving of that process.

A parental termination case implicates fundamental liberties, and termination proceedings must comply with the requirement of procedural due process. *See In re B.L.D.*, 113 S.W.3d 340, 351–52 (Tex. 2003). While termination proceedings are governed by civil procedural rules, there are still limits on their use. *See In re E.R.*, 385 S.W.3d 552, 565–66 (Tex. 2012) (service by publication violated a parent's due process rights in a termination case where uncontroverted evidence established a lack of diligence). Our opinion should not be construed as approving of termination by summary judgment without any briefing on the point. While summary judgment to prove up a conviction might be appropriate, it would not be appropriate, in my opinion, to prove up the best interests of the child. *See Dowell v. Dowell*, 276 S.W.3d 17, 23 (Tex. App.—El Paso, no pet.) (reversing mother's summary judgment as to best interests even when father failed to file a response to the motion)

Second, I am troubled by the use of a 2001 conviction as the sole ground for termination in this case. The child in question was born September 5, 2011—almost ten years after the conviction. I have found no other case that supported termination on the sole ground of a remote conviction. Father was convicted of sexual abuse of a child when he was nineteen years old and placed on 10 years' deferred adjudication. The victim was either fifteen or sixteen according to evidence in the summary judgment record. However, Father has raised no point of error below or on appeal about the use of this remote conviction.

Although not discussed by the majority, the summary judgment cannot be supported by the second ground asserted in the motion, section 161.001(1)(Q) of the Texas Family Code. Mother called the police to report that Father was not in compliance with his sex offender registration because he no longer lived with her. He was arrested, pleaded guilty, and was sentenced to two years in jail on October 11, 2012. However, Father did not serve the full two years in jail; he was released

2

30 days before his trial in December of 2013. Therefore, his conviction did not result in his "imprisonment and inability to care for the child for not less than two years."

There was evidence to support termination under alternative grounds such as subsections (D) and (E) of Section 161.001(1), due to Father's threats, his assault on Mother, and his abuse of another child. These actions were not remote and should have been used to support termination. Therefore, I agree with the majority but concur to express these concerns.


/s/ Tracy Christopher
   Justice


Panel consists of Justices Christopher, Jamison, and McCally. (Justice Jamison joins both the Majority and Concurring Opinions.)

3