## IN the INTEREST OF N.L.W., a Child

### No. 06-17-00050-CV

Court of Appeals of Texas, Texarkana.

Date Submitted: July 31, 2017

Date Decided: October 6, 2017

---

Alex Tyra, Law Office of Alex Tyra, PC, Longview, TX, Attorney for Appellant.

Joe W. Newsom, Jr., Newsom Law Firm, Gilmer, TX, Attorney for Appellee.

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

Opinion by Justice Burgess

Based on nine deemed requests for admissions, the trial court granted summary judgment terminating J.W.'s parental rights to his daughter, N.L.W.[1] In his sole issue, J.W. challenges the legal and factual sufficiency of the evidence supporting the trial court's finding that termination of J.W.'s parental rights was in N.L.W.'s best interest. Because we find that J.W. judicially admitted that it was in N.L.W.'s best interest to terminate J.W.'s parental rights, we affirm the trial court's judgment.

## I. Background

K.A. gave birth to N.L.W. in January 2010. On November 16, 2011, the trial court appointed both J.W. and K.A. as joint managing conservators of N.W.L,

and also ordered J.W. to make child support payments to K.A. A succession of disputes followed, including issues involving visitation, failure to pay child support, and allegations of family violence. K.A. eventually filed a first amended counter-petition to modify the parent-child relationship and, alternatively, a petition to terminate the parent-child relationship. As grounds for termination, K.A. maintained that J.W.

a. voluntarily left the child alone or in the possession of another without providing adequate support of the child and remained away for a period of at least six months;

b. failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of [the] petition; and

c. knowingly engaged in criminal conduct that has resulted in his conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date [the] petition [was] filed.

On December 7, 2016, K.A. served discovery requests on J.W. through his attorney, which included nine requests for admissions.[2] J.W. failed to respond to K.A.'s

---

1. We refer to the child and her parents by initials in order to protect the child's privacy. See Tex. Fam. Code Ann. § 109.002(d) (West 2014).

2. In her requests for admissions, K.A. asked J.W. to admit or deny that

(1) he had voluntarily left N.L.W. alone or in the possession of another person without providing her with adequate support and had remained away for a period of at least six months;

(2) he had failed to support N.L.W. in accordance with his ability during a period

of one year ending within six months of August 1, 2016;

(3) he had knowingly engaged in criminal conduct that resulted in a conviction, his confinement in prison, and his inability to care for N.L.W. for not less than two years from August 2016;

(4) he had not visited with N.L.W. since January 1, 2016;

(5) he had not visited with N.L.W. since January 1, 2015;

(6) he had not visited with N.L.W. since January 1, 2014;

(7) he had not visited with N.L.W. since January 1, 2013;

discovery requests. J.W. never attempted to file late responses, never moved to amend the deemed admissions, and never moved to withdraw the deemed admissions. On February 8, 2017, K.A. filed a traditional motion for summary judgment on her petition to terminate J.W.'s parental rights and a no-evidence motion for summary judgment on J.W.'s claims and defenses, which were raised in his petition against K.A. and answer to K.A.'s counter-petition. In support of her summary judgment motions, K.A. attached her requests for admissions. Pointing out that J.W. failed to answer her requests for admissions, K.A. contends that the deemed admissions warranted summary judgment in her favor. J.W. failed to respond to K.A.'s motion for summary judgment.

The trial court set a hearing on K.A.'s motion for summary judgment on March 28, 2017. On that day, J.W. appeared with counsel and asked the trial court for a continuance. Prior to making a ruling on either K.A.'s motion for summary judgment or J.W.'s motion for continuance, the trial court allowed J.W. to testify "in regard to [his] Motion for Continuance."

J.W. testified that he had been incarcerated during 2016 and that, during his incarceration, K.A. filed her motion to terminate his parental rights. J.W. explained that his mother hired counsel to represent him during his confinement in prison. After his release, J.W. was served with K.A.'s discovery requests. J.W. informed his counsel that he refused to respond to K.A.'s requests because "every question on there was a question that they already knew the answer to and I felt like me not

being able to elaborate is just—it's kind of like admitting guilt just—I wanted to be able to explain myself." J.W. continued, "Because the way it was all worded just made me sound horrible. And I didn't want to admit to questions like that." J.W. explained that he was asking the trial court for a continuance in order to prevent the termination of his parental rights to N.L.W. so he would have an opportunity to be a part of her life.

On cross-examination, J.W. stated that he was uncertain as to when his trial counsel received K.A.'s discovery requests, but that he recalled her requests for admissions because "they [stuck] out in [his] mind." Although he could not recall the exact date, J.W. explained that, sometime during the year, he and his counsel had contacted N.L.W.'s attorney ad litem to inform her that he was in child support arrears and that he was going "to get up there and pay her. And [they] were going to go from there, just try to sit down with N.L.W." J.W. conceded that he had not seen N.L.W. for a period of three years.

When asked if J.W. was in arrears on his child support payments, the trial court intervened, stating, "You know, we're getting into merits and merits aren't before me. What's before me is, right now, is a Motion for Continuance and also a Motion for Summary Judgment. And I don't take testimony from either party on Motion for Summary Judgment." Thereafter, the trial court denied J.W.'s motion for continuance, granted K.A.'s motion for summary judgment, and then terminated J.W.'s parental rights to N.L.W.[3] On that same day, the

(8) he had been convicted of a state jail felony for possession of a controlled substance; and
(9) it was in N.L.W.'s best interest that his parental rights be terminated.

3. Prior to its ruling, the trial court stated,

'There's certain law I'm bound to follow. And failure to timely answer the Request for Admissions under Texas law requires that they be deemed admitted. The law says they're taken for all purposes by the Court as True.

trial court entered its final judgment and order granting termination of the parent-child relationship.[4] This appeal followed.

In his appeal, J.W. maintains there was legally and factually insufficient evidence to support the trial court's finding that termination of his parental rights was in N.L.W.'s best interest. In her response, K.A. contends that she proved by clear and convincing evidence that termination of J.W.'s parental rights was in N.L.W.'s best interest. According to K.A., the deemed admissions regarding the very matters at issue were competent evidence to support summary judgment in her favor and, thus, the trial court did not err when it terminated J.W.'s parental rights to N.L.W.

## II. Standards of Review

### A. Standard of Review Applicable to Summary Judgments

■ The grant of a trial court's summary judgment is subject to a de novo review. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In making the required review, we deem as true all evidence that is favorable to the nonmovant, we indulge every reasonable inference to be drawn from the evidence, and we resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To be entitled to traditional summary judgment, a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Once the movant produces evidence establishing her entitlement to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). Yet, even where the non-movant fails to respond to the summary judgment motion, the movant must still carry her burden of proof. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

### B. Statutory Requirements of Section 161.001 of the Texas Family Code

■ To terminate an individual's parental rights to his child, the trial court must find, by clear and convincing evi-

---

The law also says that should that happen, the failure to respond happen, not because of intent or negligence on your part, that you can file a motion to have those deemed admissions set aside, give good reason or good cause for me to do so, get a hearing and maybe have that happen.

The law also says if there's a Motion for Summary Judgment filed, that in order to be entitled to respond in court to that Motion for Summary Judgment, you have to file a written response beforehand. And that wasn't done.

So under law you really came into court without the right to really have anything to say today. And so at this point I'm granting—well, I'm denying the Motion for Continuance and I'm granting the Motion for Summary Judgment which will include a judgment of termination, a judgment for cost—

4. In its final order, the trial court found, among other things, there was clear and convincing evidence that (a) J.W. voluntarily left N.L.W. alone or in the possession of another without providing adequate support for her and remained away for a period of at least six months; (2) J.W. failed to support N.L.W. in accordance with his ability during a period of one year ending within six months from the date K.A. filed her petition; (3) J.W. knowingly engaged in criminal conduct that resulted in his conviction of an offense, confinement in prison, and inability to care for N.L.W. for not less than two years from the date K.A. filed her petition; and (4) it was in N.W.L.'s best interest to terminate J.W.'s parental rights. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(C), (F), (Q) (West Supp. 2016).

dence, the existence of the following statutory requirements: (1) that the parent engaged in one of the statutory grounds for termination and (2) that termination is in the child's best interest. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2016). The Texas Legislature has codified the clear-and-convincing standard set out in Section 161.001, subsections (1) and (2) of the Family Code, which states that a "court may order termination of the parent-child relationship if the court finds by clear and convincing evidence" that the parent has engaged in certain conduct and that "termination is in the best interest of the child." Clear and convincing evidence amounts to "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2014); *In re J.F.C.*, 96 S.W.3d 256, 264 (Tex. 2002). "There is a strong presumption that keeping a child with a parent is in the child's best interest." *In re J.A.S., Jr.*, No. 13-12-00612-CV, 2013 WL 782692, at *7 (Tex. App.—Corpus Christi Feb. 28, 2013, pet. denied) (mem. op.) (citing *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006) (per curiam)). Accordingly, "[t]ermination 'can never be justified without the most solid and substantial reasons.'" *In re N.L.D.*, 412 S.W.3d 810, 822 (Tex. App.—Texarkana 2013, no pet). (quoting *Wiley v. Spratlan*, 543 S.W.2d 349, 352 (Tex. 1976)).

## III. Discussion

In this case, J.W. does not contest the trial court's findings under Section 161.001(b)(1). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(C), (F), (Q). Rather, he contends only that the evidence is legally and factually insufficient to support the trial court's finding that termination of his parental rights was in N.L.W.'s best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(2). K.A. contends that she proved by clear and convincing evidence that termination of J.W.'s parental rights was in N.L.W.'s best interest by virtue of J.W.'s deemed admissions.

## A. Is the Sufficiency of the Evidence Standard of Review Applicable to Summary Judgments?

Initially, we note that there is a significant distinction between a legal sufficiency challenge to a verdict reached at trial and a challenge to the sufficiency of the evidence supporting a summary judgment. Where the legal sufficiency of the evidence is challenged after a trial has yielded a finding on the ultimate issue, the appellate court "look[s] at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *J.F.C.*, 96 S.W.3d at 266. By contrast, a summary judgment is granted when the trial court determines that there is no need for a trial in order to determine the ultimate issue, i.e., when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Thus, "[a] plaintiff moving for summary judgment [on its own claim] must conclusively prove all essential elements of its claim." *Cullins v. Foster*, 171 S.W.3d 521, 530 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (citing *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986) (per curiam)). Accordingly, while the question of whether the movant has established her entitlement to judgment on her own claim as a matter of law is technically a question of sufficiency based on a legal standard, it is not the same standard as the legal sufficiency standard applied after a trial. Rather, in the summary judgment context, the appellate court considers whether the undisputed facts are sufficient to "conclusive-

ly prove all essential elements. of [the plaintiff's] claim." *Id.*[5]

▉ In this case, J.W. asserts as his sole point of error that the evidence was legally and factually[6] insufficient to support a finding that termination of his parental rights was in N.L.W.'s best interest. As noted, the legal sufficiency standard of review does not apply to summary judgments. Nevertheless, Rule 38.1(f) of the Texas Rules of Appellate Procedure states, "The statement of an issue or point [in an appellate brief] will be treated as covering every subsidiary question that is fairly included." Tex. R. App. P. 38.1(f). And the Texas Supreme Court has held that "[a]ppellate briefs are to be construed reasonably, yet liberally, so that the right of appellate review is not lost by waiver. Simply stated, appellate courts should reach the merits of an appeal whenever reasonably possible." *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam) (citing *El Paso Natural Gas v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 316 (Tex. 1999)). While J.W. couches his argument as a legal sufficiency point, the gist of his complaint is that there was not enough evidence to support the summary judgment. Accordingly, we will consider J.W.'s legal sufficiency point of error as challenging whether K.A. "conclusively prove[d] all essential elements of [her] claim." *Cullins*, 171 S.W.3d at 530.

**B. Is the Question of Whether Termination of the Parent-Child Relationship Is in the Child's Best Interest a Fact Issue Which May Be the Subject of a Request for Admission Under Rule 198?**

▉ As noted above, the trial court granted summary judgment exclusively on J.W.'s deemed admissions. We have previously noted that the law governing requests for admission applies "only to answers to a request for admissions about facts. Answers merely constituting admissions of law are not binding on the court." *Neal v. Wisconsin Hard Chrome, Inc.*, 173 S.W.3d 891, 894 (Tex. App.—Texarkana 2005, no pet.). Yet, this exception applies only to pure questions of law, not to fact questions or mixed questions of law or fact. Tex. R. Civ. P. 198.1 ("A party may serve on another party ... written requests that the other party admit the truth of any matter within the scope of discovery, including statements of opinion or of fact *or of the application of law to fact.*" (Emphasis added.)). Therefore, we must initially determine whether the termination of parental rights is in the child's best interest is a pure question of law, a question of fact, or a mixed question of law and fact.

Although we have found no Texas case specifically holding that the best interest element of a parental-rights termination case is a question of fact, a question of law, or a mixed question of fact and law, the cases in which the appellate courts have found the evidence of best interests to be legally and factually sufficient are legion. Clearly, the consensus of the caselaw is that it is a question of fact or, at least, a mixed question of fact and law. Interestingly, we found no Texas cases defining what constitutes a question of fact, a question of law, or a mixed question of law and fact or articulating how to distinguish between them. On the other hand, several courts in other states have held,

---

**5.** Because a summary judgment requires the plaintiff to conclusively prove her entitlement to judgment on her own claim as a matter of law, there would be no factual sufficiency review of a summary judgment.

**6.** *See supra* note 5.

Whether a finding is a "finding of fact" or a "conclusion of law" depends upon whether it is reached by natural reasoning or by fixed rules of law. Where the ultimate conclusion can be arrived at only by applying rules of law the result is a "conclusion of law." A "finding of fact" is a conclusion drawn by way of reasonable inference from the evidence. *Henzel v. Cameron*, 228 Or. 452, 365 P.2d 498, 503 (1961) (citations omitted).[7]

While Section 161.001(b)(2) of the Texas Family Code requires a finding "that termination is in the best interest of the child," the statute does not define that phrase. TEX. FAM. CODE. ANN. § 161.001(b)(2). The Texas Supreme Court has identified a number of "intermediate facts" a court may consider in resolving this issue, including:

(A) the desires of the child; (B) the emotional and physical needs of the child now and in the future; (C) the emotional and physical danger to the child now and in the future; (D) the parental abilities of the individuals seeking custody; (E) the programs available to assist these individuals to promote the best interest of the child; (F) the plans for the child by these individuals or by the agency seeking custody; (G) the stability of the home or proposed placement; (H) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (I) any excuse for the acts or omissions of the parent.

*Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976) (citations omitted).

*Question of Fact*, BLACK'S LAW DICTIONARY (10th ed. 2014).

> **question of law** ... 1. An issue to be decided by the judge, concerning the application or interpretation of the law.... 2. A question that the law itself has authoritatively answered, so that the court may not answer it as a matter of discretion <the enforceability of an arbitration clause is a question of law>. 3. An issue about what the law is on a particular point; an issue in which parties argue about, and the court must decide, what the true rule of law is.... 4. An issue that, although it may turn on a factual point, is reserved for the court and excluded from the jury; an issue that is exclusively within the provision of the judge and not the jury.

*Question of Law*, BLACK'S LAW DICTIONARY (10th ed. 2014). Black's Law Dictionary further defines a "mixed question of law and fact" as "[a]n issue that is neither a pure question of fact nor a pure question of law." *Mixed Question of Law and Fact*, BLACK'S LAW DICTIONARY (10th ed. 2014). While this merely states the obvious, the definition refers to a corollary definition of "intermediate fact," which is defined as "[a] fact that helps lead to an ultimate fact or is a necessary element to a chain of reasoning leading to a conclusion." *Intermediate Fact*, BLACK'S LAW DICTIONARY (10th ed. 2014).

---

7. *See also Zimbrick v. Morgan*, 4 Or.App. 138, 477 P.2d 908, 910 (1970); *Hartpence v. Youth Forestry Camp*, 325 N.W.2d 292, 296 (S.D. Sup. Ct. 1982); *Slope Cty., By and Through Bd. of Cty. Comm'rs v. Consol. Coal Co.*, 277 N.W.2d 124, 127 (N.D. Sup. Ct. 1979); *Pribyl v. Standard Elec. Co.*, 246 Iowa 333, 67 N.W.2d 438, 441 (1954) ("where the ultimate conclusion can be arrived at only by applying a rule of law, the result so reached embodies a conclusion of law and is not then a finding of fact"); *Mallinger v. Webster City Oil Co.*, 211 Iowa 847, 234 N.W. 254, 256 (1931); *Village of Weyauwega v. Kramer*, 180 Wis. 168, 192 N.W. 452 (1923); *Matter of Helms*, 127 N.C.App. 505, 491 S.E.2d 672, 675 (1997); *In re A.B.*, 179 N.C.App. 605, 635 S.E.2d 11, 16 (2006). Moreover, Black's Law Dictionary contains the following definitions:

> **question of fact** ... 1. An issue that has not been predetermined and authoritatively answered by the law. An example is whether a particular criminal defendant is guilty of an offense or whether a contractor has delayed unreasonably in constructing a building. 2. An issue that does not involve what the law is on a given point. 3. A disputed issue to be resolved by the jury in a jury trial or by the judge in a bench trial.... 4. An issue capable of being answered by way of demonstration, as opposed to a question of unverifiable opinion.

Yet, these factors are all case-specific and have "not been predetermined and authoritatively answered by the law." *Question of Fact*, Black's Law Dictionary (10th ed. 2014). Accordingly, the question of whether termination of a parent-child relationship is in the child's best interest is "a conclusion drawn by way of reasonable inference from the evidence." *Henzel*, 365 P.2d at 503. As such, and regardless of whether it is a pure question of fact or a mixed question of law and fact, the best interest issue is not a pure question of law. Consequently, whether termination of a parent-child relationship is in the child's best interest is a matter capable of being judicially admitted under Rule 198.[8]

**C. Are the Deemed Admissions Sufficient Proof Upon Which the Trial Court Could Have Granted Summary Judgment?**

**1. Did the Deemed Admissions Negate All Genuine Issues of Material Fact Regarding the Best Interest Element of K.A.'s Claim?**

A party is allowed, under the Texas Rules of Civil Procedure, to serve requests for admissions on another party. Tex. R. Civ. P. 198.1. In the event a party does not serve responses to requests for admissions within thirty days, the matters in the requests are deemed admitted against that party. Tex. R. Civ. P. 198.2; *Wal–Mart Stores, Inc. v. Deggs*, 968 S.W.2d 354, 355 (Tex. 1998) (per curiam). Any matter admitted is conclusively established unless the trial court, on motion of the party, permits the withdrawal or amendment of the admission. Tex. R. Civ. P. 198.3; *Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989).

Moreover, an admitted fact "constitutes a judicial admission, and the answering party may not then introduce evidence to controvert it." *Neal v. Wisconsin Hard Chrome, Inc.*, 173 S.W.3d 891, 894 (Tex. App.—Texarkana 2005, no pet.). And "[a] judicial admission is an assertion of fact ... that acts as a formal waiver of proof." *ReadyOne Indus., Inc. v. Flores*, 460 S.W.3d 656, 665 (Tex. App.—El Paso 2014, pet. denied). Thus, "[a] judicial admission is conclusive upon the party making it, and it relieves the opposing party's burden of proving the admitted fact, and bars the admitting party from disputing it." *Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980). For this reason, "[a]dmissions of *fact* on file at the time of a summary judgment hearing are proper summary judgment proof and will, therefore, support a motion for summary judgment." *Cedyco Corp. v. Whitehead*, 253 S.W.3d 877, 880 (Tex. App.—Beaumont 2008, pet. denied). Consequently, the deemed admissions in this case negated any genuine issue of material fact regarding the best interest element of K.A.'s claim.

**2. Did the Deemed Admissions on the Best Interest Element Issue Conclusively Establish K.A.'s Entitlement to Judgment on that Element as a Matter of Law?**

As mentioned previously, on appeal of a summary judgment, the non-movant may

---

8. *But see Helms*, 491 S.E.2d at 674, 676 (holding that, in case where child was removed from mother's care and placed in the custody of "the Cabarrus County Department of Social Services" under North Carolina law, "[t]he reasonable efforts and best interest determinations are conclusions of law because they require the exercise of judgment"); *A.B.*, 635 S.E.2d at 16 (holding that, in case where child was removed from mother's care and placed in the custody of "the Durham County Department of Social Services" under North Carolina law, "[t]he determination that [the child] was at substantial risk of neglect is a question of law as it requires the exercise of judgment").

challenge both the existence of a genuine issue of material fact and the movant's entitlement to judgment as a matter of law. And, in challenging the latter, the non-movant may argue that the undisputed facts are insufficient to conclusively establish the movant's entitlement to judgment as a matter of law. Yet, in some cases, the two issues may be intertwined. Specifically, this occurs where the genuine issue of material fact is negated via a judicial admission regarding the ultimate issue.

▮▮▮▮▮ When a judicial admission regarding the ultimate issue occurs, it removes the ultimate issue from further consideration. In that instance, the judicial admission negates the existence of a material fact regarding the ultimate issue so completely that it conclusively establishes the movant's right to judgment as a matter of law. Thus,

> [a]ssertions of fact in live pleadings of a party not pleaded in the alternative are regarded as formal judicial admissions and are conclusively established without the necessity of other evidence. While it is a well-settled rule in summary-judgment proceedings that pleadings may not constitute proof, facts alleged in those pleadings may constitute judicial admissions; judicial admissions are not proof, but a waiver of proof.

9. Rule 198 and Rule 166a of the Texas Rules of Civil Procedure are applicable to all civil cases, not just parental-rights termination cases. Tex. R. Civ. P. 166a, 198. However, parental-rights termination cases are unique among civil cases. The United States Supreme Court has held that "the interest of parents in the care, custody, and control of their children ... is perhaps the oldest of the fundamental liberty interests recognized by this Court." *Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). The Texas Supreme Court has emphasized that "[t]he natural right existing between parents and their children is of constitutional dimensions" and that "[t]his natural parental right

*Davis v. State*, 846 S.W.2d 564, 567–68 (Tex. App.—Austin 1993, no pet.) (per curiam) (citing *Galvan v. Pub. Utils. Bd.*, 778 S.W.2d 580, 583 (Tex. App.—Corpus Christi 1989, no writ)).

Because J.W. judicially admitted that termination of his parental rights was in N.L.W.'s best interest, the best interest element of K.A.'s claim was "conclusively established without the necessity of other evidence." *See id.* at 568. Accordingly, the deemed admissions constitute conclusive proof of the best interest element of K.A.'s claim as a matter of law.

### 3. Summary

▮▮▮ In summary, because J.W. failed to answer K.A.'s requests for admission that termination of his parental rights was in N.L.W.'s best interest, he is deemed to have admitted that fact. *See* Tex. R. Civ. P. 198.2. Because a deemed admission is a judicial admission, J.W. could no longer controvert the best interest issue, and therefore, no genuine issue of material fact remained regarding whether termination of his parental rights was in N.L.W.'s best interest. Finally, because J.W.'s judicial admissions conclusively established the facts admitted without the necessity of other evidence, his deemed admissions conclusively established K.A.'s entitlement to summary judgment.[9]

[is] essential," "a basic civil right of man," and "far more precious than any property rights." *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985) (quoting *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972)).

Furthermore, the courts have noted that parental-rights termination cases implicate not only the fundamental liberty interests of the parent, but also the fundamental liberty interests of the child at issue. *See Troxel*, 530 U.S. at 86, 88–90, 120 S.Ct. 2054 (Stevens, J., dissenting) ("While this Court has not yet had occasion to elucidate the nature of a child's liberty interests in preserving established fa-

### D. *Dowell v. Dowell*, 276 S.W.3d 17 (Tex. App.—El Paso 2008, no pet.); Is Distinguishable from this Case

Finally, in support of his position that the evidence was insufficient to support a best-interest finding, J.W. cites *Dowell v. Dowell*, 276 S.W.3d 17 (Tex. App.—El Paso 2008, no pet.). In *Dowell*, the father filed a motion to modify child support, asking the trial court to suspend his child support payments during the time he was incarcerated in prison. *Id.* at 19–20. Mother responded by filing a petition to terminate father's parental rights based on, among other things, his alleged inability to care for the children and his failure to make child support payments. *Id.* at 20. Mother filed a motion for summary judgment, attaching her sworn affidavit and father's deemed admissions. *Id.* The trial court was tasked with deciding whether mother's affidavit, along with father's deemed admissions, were sufficient summary judgment evidence to support a finding that it was in the best interest of the children to terminate father's parental rights.[10]

The trial court discussed the *Holley* factors, and then stated,

> The evidence showing that [father] did not pay child support and will be unable to provide support until at least 2012 as

milial or family-like bonds, it seems to me extremely likely that, to the extent parents and families have fundamental liberty interests in preserving such intimate relationships, so, too, do children have these interests[ ] and[,] so, too, must their interests be balanced in the equation." (Citations omitted.)); *see also In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003) ("Consideration of the private interest factor cannot be limited to only the parent's interest. The child bears a substantial interest in the proceedings as well." (Citation omitted.)).

Accordingly, in view of the fundamental liberty interests at stake in a parental-rights termination case, courts strictly scrutinize parental-rights termination proceedings. *Holick*, 685 S.W.2d at 20. And in some instances, state procedural rules must yield to due process concerns. *See Santosky v. Kramer*, 455 U.S. 745, 755, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (quoting *Vitek v. Jones*, 445 U.S. 480, 491, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (in striking down a New York law which permitted the termination of parental rights based on a preponderance of the evidence, the United States Supreme Court observed that "[t]he 'minimum requirements of procedural due process being a matter of federal law ... are not diminished by the fact that the State may have specified its own procedures that it may deem adequate for determining the preconditions to adverse official action.' ")).

Yet, as a result of the trial court's ruling and our opinion today, J.W.'s parental rights to N.L.W. have been terminated based on

deemed admissions attached as evidence to a motion for summary judgment. There has been no trial, no presentation of evidence, no direct and cross-examination of witnesses, and no opportunity to present argument to a fact-finder. Rather, the ultimate result was decided by a routine application of two rules of civil procedure. Considering the fundamental liberty interests at stake, it is arguable that a strict application of Rule 198 to parental-rights termination cases in a summary judgment proceeding under Rule 166a, resulting in the termination of the non-movant's parental rights, could violate due process.

Nevertheless, J.W. did not challenge the denial of his motion for continuance or argue that his right to due process was violated by this summary procedure. Not only that, he testified in support of his motion for continuance that his failure to answer the requests was deliberate. In addition, he did not move to amend or withdraw the deemed admissions, did not attempt to late-file responses to the requests for admissions, and did not respond to the motion for summary judgment. Accordingly, in view of the procedural history of this case, we will not consider the due process implications of strictly applying Rule 198 in this summary judgment proceeding under Rule 166a, which resulted in the termination of J.W.'s parental rights.

10. Father conceded that the evidence was sufficient to establish that he committed the statutory grounds alleged. *Dowell*, 276 S.W.3d at 21.

a result of his incarceration is probative of the best interest issue. Likewise, his failure to exercise his visitation rights with the children on a regular basis prior to his incarceration is relevant to the best interest issue. This evidence relates to the eighth *Holley* factor, namely, the acts or omissions of the parent which may indicate the existing parent-child relationship is not proper. But there is no evidence of the children's desires, the emotional and physical needs of the children now and in the future, and the emotional and physical danger to the children now and in the future.

*Id.* at 22. Finding that (1) mother's affidavit was largely conclusory with little specificity and that (2) she failed to segregate father's pre-divorce conduct and his post-divorce conduct, the *Dowell* court held that mother failed to establish her right to summary judgment, and then reversed and remanded the case to the trial court on the issue of best interest of the children. *Id.* at 22–23.

In this case, K.A. contends that the deemed admissions were properly considered by the trial court when it terminated J.W.'s parental rights. J.W. responds that, even considering his deemed admissions, there was insufficient evidence to conclusively prove that termination of his parental rights was in the best interest of N.L.W. Yet, there is one key distinction between *Dowell* and this case, namely, although the defendant in *Dowell*, William,

failed to respond to requests for admission and those admissions were deemed admitted, the admissions did not ask him to admit that "it was in [the child's] best interest that [William's] parental rights be terminated." [11]

In the absence of this admission, the question of whether termination of William's parental rights was in the child's best interest remained controverted in *Dowell*. Because it remained controverted, summary judgment would have been proper only if the plaintiff's (Cheryl's) affidavit were sufficient to negate any fact question regarding that element of proof. For the reasons noted by the El Paso Court of Appeals, it was not. In the present case, however, K.A. specifically requested J.W. to admit that termination of his parental rights was in N.L.W.'s best interest. Accordingly, J.W. judicially admitted that fact and "it relieve[d K.S.'s] burden of proving the admitted fact, and bars [J.A.] from disputing it." *Mendoza*, 606 S.W.2d at 694. Moreover, J.W. is barred from challenging the legal and factual sufficiency of the evidence regarding that fact. *See In re A.E.A.*, 406 S.W.3d 404, 410 (Tex. App.— For Worth 2013, no pet.). Therefore, *Dowell* is inapplicable to the present case, and under Rule 198.1, the issue was judicially admitted.

## IV. Conclusion

Because J.W. failed to answer K.A.'s requests for admission that termination of

---

11. The El Paso Court of Appeals stated,

As we have mentioned, the summary judgment evidence consists solely of William's deemed admissions and Cheryl's affidavit. The deemed admissions are:

- William is currently serving time in a federal penitentiary following conviction of drug crimes;
- He is currently in arrears in his child support obligations;
- His projected release date is 2012;

- He has failed to support his children in accordance with the Agreed Decree of Divorce and Order of Contempt;
- He has failed to provide medical insurance for the children; and
- He has knowingly engaged in criminal conduct that resulted in his conviction for an offense and inability to care for the children not less than two years from the date the termination petition was filed.

*Dowell*, 276 S.W.3d at 21.

his parental rights was in N.L.W.'s best interest, the requests were deemed admitted. Because deemed admissions constitute judicial admissions, J.W.'s admissions were "conclusive . . ., and it relieve[d K.A.'s] burden of proving [that termination of J.W.'s parental rights was in N.L.W.'s best interest], and bars [J.W.] from disputing it." *Id.* Because "[a]dmissions of fact on file at the time of a summary judgment hearing are proper summary judgment proof and will, therefore, support a motion for summary judgment," *Cedyco Corp.,* 253 S.W.3d at 880, and because a judicially admitted fact is no longer subject to a legal or factual sufficiency attack on appeal, *A.E.A.,* 406 S.W.3d at 410, the trial court did not err in granting summary judgment.[12]

We affirm the trial court's ruling.

12. We note that this case involves a petition to terminate the parent-child relationship filed by one natural parent against the other natural parent. We consider this question only in that context and not in the context of a termination proceeding filed by the Texas Department of Family and Protective Services. *See In re K.D.,* 471 S.W.3d 147, 171 n.15 (Tex. App.—Texarkana 2015, no pet.) (noting the different standards of review applicable to parental-rights termination cases depending on the nature of the State's involvement).