

# NUMBER 13-22-00496-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GRACIANO ESPINOZA JR.,                                       **Appellant,**

**v.**

KITSU PROPERTIES, LLC,                                          **Appellee.**

## On appeal from the 398th District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

## Before Justices Tijerina, Silva, and Peña
## Memorandum Opinion by Justice Silva

Appellant Graciano Espinoza Jr.[1] appeals the trial court's order granting summary

judgment in favor of appellee Kitsu Properties, LLC. By two issues, appellant argues that

the trial court erred because appellee (1) "failed to bring forth competent summary

---

[1] Appellant's name also appears throughout some pleadings as "Espinosa."

judgment evidence proving the elements of its cause of action," and (2) failed to specify which element of Espinoza's causes of action it challenged on a no-evidence ground. We affirm.

## I.   BACKGROUND

On May 23, 2022, appellee filed its original petition seeking a declaratory judgment regarding the boundaries of the real property owned by appellee that abutted appellant's property. According to the petition, appellee purchased real property in February 2022, but subsequently learned that the improvement "was partially built upon the adjoining lot." Appellee alleged that the improvement had been encroaching on appellant's property since it was built in 1970. Appellant responded, generally denying the allegations, and seeking a counterclaim for trespass.[2] Appellee filed its original answer, generally denying appellant's claims and asserting the affirmative defense of adverse possession.

Appellee filed a joint traditional and no-evidence motion for summary judgment. For its traditional summary judgment motion, appellee attached two exhibits: the general warranty deed to the recently-acquired property and the Hidalgo County Appraisal District Property records for the property for the tax year 2022, printed from the Hidalgo County Appraisal District's website. For its no-evidence motion for summary judgment, appellee argued it was "entitled to a no-evidence summary judgment on [appellant]'s causes of action for declaratory relief, trespass, and negligent trespass because there is no evidence to support the essential elements of his causes of action." Appellee further

---

[2] Appellant included a claim for trespass and "negligent trespass." Appellant also requested that the trial court "declare the rights of the parties and assess all damages, costs[,] and attorney fees against" appellee.

asserted that appellant could not prove it was the owner of the property because "[t]he property owned by [appellee] has been occupied by [appellee] and its predecessors since the 1970's."

In response to appellee's traditional motion for summary judgment, appellant argued that he and his father, the predecessor owner to the property, "actively pursued having the structure removed [from appellee's] property." Appellant attached an affidavit detailing the attempts he and his father made to remedy the issue. For appellee's no-evidence motion for summary judgment, appellant contended that appellee "fail[ed] to set out the elements of the respective causes of action and fail[ed] to point out which particular elements of the causes of action lack any evidence." Additionally, appellant objected to appellee's summary judgment evidence, arguing the exhibits contained hearsay and were not properly authenticated.

The trial court granted appellee's joint traditional and no-evidence motions for summary judgment and rendered a judgment declaring that appellee's property line "extends to the edge of the house located on the property plus an additional five feet to comply with the City of Weslaco setback requirements." This appeal followed.

## II.    STANDARD OF REVIEW

We review a trial court's grant of a motion for summary judgment de novo. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). "When the trial court does not specify the grounds for its ruling, a summary judgment must be affirmed if any of the grounds on which judgment is sought are meritorious." *Id.* (citing *State v. Ninety Thousand Two Hundred Thirty–Five Dollars & No Cents in U.S. Currency*, 390 S.W.3d

3

289, 292 (Tex. 2013)). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Bush v. Lone Oak Club, LLC*, 601 S.W.3d 639, 646 (Tex. 2020).

"Either party can rely on evidence attached to a motion or response—that is, the movant can rely on evidence filed by the nonmovant or vice versa." *UpCurve Energy Partners, LLC v. Muench*, 661 S.W.3d 907, 916 (Tex. App.—El Paso 2023, no pet.) (citing *Wilson v. Burford*, 904 S.W.2d 628, 629 (Tex. 1995) (per curiam)). "Once a movant initially establishes a right to summary judgment on issues presented in the motion, the burden then shifts to the nonmovant to present issues or evidence to preclude entitlement to a summary judgment." *Id.* at 916–17 (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979)). "If the movant fails to meet this burden, the burden does not shift to the nonmovant and the nonmovant need not respond or present any evidence at all." *Id.* (citing *Chavez v. Kansas City S. Ry. Co.*, 520 S.W.3d 898, 899–900 (Tex. 2017) (per curiam)).

"When a party moves for both traditional and no-evidence summary judgments, we first consider the no-evidence motion." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). After a reasonable time for discovery has passed, a party may move for a no-evidence motion for summary judgment "on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). The trial court "must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." *Id.* A party moving for summary

4

judgment may not generally state that there is no evidence supporting a claim or defense; the moving party must identify the specific elements for which it claims there is no evidence. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (citing Tex. R. Evid. 166a(i)). "To defeat a no-evidence motion, the non[]movant must produce evidence raising a genuine issue of material fact as to the challenged elements." *Parker*, 514 S.W.3d at 220. "If the non[]movant fails to meet its burden under the no-evidence motion, there is no need to address the challenge to the traditional motion as it necessarily fails." *Id.* at 219.

A party relying on an affirmative defense for summary judgment must conclusively prove that defense. *Draughon v. Johnson*, 631 S.W.3d 81, 88 (Tex. 2021).

### III.    APPLICABLE LAW

"A person interested under a deed . . . may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a). When the sole issue concerning real property is the determination of the proper boundary line between adjoining properties, a party may seek a declaratory judgment for such. *Id.* § 37.004(c).[3]

Adverse possession is an affirmative defense. *Bynum v. Lewis*, 393 S.W.3d 916, 919 (Tex. App.—Tyler 2013, no pet.). "'Adverse possession' means an actual and visible

---

[3] "[T]he Texas Property Code states that a 'trespass to try title action is *the* method of determining title to lands, tenements, or other real property.'" *Lance v. Robinson*, 543 S.W.3d 723, 735 (Tex. 2018) (quoting Tex. Prop. Code Ann. § 22.001(a)). However, here, both parties seek a declaratory action relating solely to the boundaries of the properties, albeit vis-à-vis adverse possession. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.004(c). Neither party disputes the respective title of the plots as a whole.

5

appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." TEX. CIV. PRAC. & REM. CODE ANN. § 16.021.

> To prevail on a claim of adverse possession, a claimant must establish, by a preponderance of the evidence, (1) the actual and visible possession of the disputed property; (2) that is adverse and hostile to the claim of the owner of record title; (3) that is open and notorious; (4) that is peaceable; (5) that is exclusive; and (6) that involves continuous cultivation, use, or enjoyment throughout the statutory period.

*NAC Tex Hotel Co. v. Greak*, 481 S.W.3d 327, 331–32 (Tex. App.—Tyler 2015, no pet.). "'Peaceable possession' means possession of real property that is continuous and is not interrupted by an adverse suit to recover the property." TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(3). The statutory period is three, five, ten, fifteen, or twenty-five years, depending on the facts of a case. *See id.* §§ 16.024.–.027. "If an action for the recovery of real property is barred by the ten-year statute of limitations, the person who holds the property in peaceable and adverse possession has full title, precluding all claims." *Kazmir v. Benavides*, 288 S.W.3d 557, 561 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.030(a)).

> To recover damages for trespass to real property, a plaintiff must prove that (1) the plaintiff owns or has a lawful right to possess real property, (2) the defendant entered the plaintiff's land[,] and the entry was physical, intentional, and voluntary, and (3) the defendant's trespass caused injury to the plaintiff.

*Lyle v. Midway Solar, LLC*, 618 S.W.3d 857, 875 (Tex. App.—El Paso 2020, pet. denied) (quoting *Wilen v. Falkenstein*, 191 S.W.3d 791, 798 (Tex. App.—Fort Worth 2006, pet. denied)).

## IV.    ANALYSIS

## A.    No-Evidence Summary Judgment

Appellant challenges the trial court's order granting appellee's no-evidence motion for summary judgment on the basis that appellant failed to specifically identify the elements being challenged. In the alternative, appellant argues that "the summary judgment evidence brought forth by [appellant] in his response to the summary judgment was more than sufficient to establish an evidentiary basis for his causes of action and to defeat the no-evidence summary judgment."

Although part of appellee's no-evidence motion for summary judgment broadly stated that "there is no evidence to support the essential elements of [appellant's] causes of action," appellee also specifically challenged the evidence relating to appellant's ownership of the property. *See Timpte Indus.*, 286 S.W.3d at 310. Ownership or lawful right to possession is an essential element for a claim of trespass. *See Lyle*, 618 S.W.3d at 875.

However, in response to appellee's no-evidence motion for summary judgment, appellant responded and attached an affidavit, averring that he acquired the property in 1984. *See id.* Moreover, appellee's petition alleges that appellant is the owner of the property, which constitutes a judicial admission waiving the necessity of proof. *See In re N.L.W.*, 534 S.W.3d 102, 112 (Tex. App.—Texarkana 2017, no pet.) ("While it is a well-settled rule in summary-judgment proceedings that pleadings may not constitute proof, facts alleged in those pleadings may constitute judicial admissions; judicial admissions are not proof, but a waiver of proof." (quoting *Davis v. State*, 846 S.W.2d 564, 567–68

7

(Tex. App.—Austin 1993, no pet.) (per curiam)). To the extent that appellee intended to argue that it became the property owner by virtue of adverse possession, such a claim is an affirmative defense for which it had the burden of proof. *See Bynum*, 393 S.W.3d at 919. As such, it was appellee's burden to prove, not appellants. *Draughon*, 631 S.W.3d at 88. Accordingly, the trial court erred in granting appellee's no-evidence motion for summary judgment.

**B.      Traditional Summary Judgment**

In his challenge to the traditional summary judgment, appellant argues that the evidence appellee relied upon to obtain summary judgment was inadmissible and thus could not be considered by the trial court. *See Fortitude Energy, LLC v. Sooner Pipe LLC*, 564 S.W.3d 167, 178 (Tex. App.—Houston [1st Dist.] 2018, no pet.). In the alternative, appellant argues the evidence failed to establish "the time period in question and failed to provide any evidence that [appellant] or his predecessor owners had not brought a claim for trespass prior to 2022."

Although a party must present admissible summary judgment evidence, *see Fortitude Energy*, 564 S.W.3d at 178, the party objecting to summary judgment evidence must obtain a ruling to preserve an appellate argument that the evidence was inadmissible. *See Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 163 (Tex. 2018). Here, although appellant objected to the admissibility of appellee's evidence, there is nothing in the record showing that the trial court explicitly or implicitly ruled on appellant's objection. *See* TEX. R. APP. P. 33.1(a); *Seim*, 551 S.W.3d at 163; *Fortitude Energy*, 564 S.W.3d at 178. Accordingly, appellant failed to preserve his objections and the evidence presented

8

by appellee must be considered. *See* TEX. R. APP. P. 33.1(a); *Seim*, 551 S.W.3d at 163; *Fortitude Energy*, 564 S.W.3d at 178.

To the extent that appellant contends that appellee's summary judgment evidence fails to conclusively establish each element of his claim, we agree. However, that is not the end of our analysis. Appellee was allowed to rely on appellant's response to its motion for summary judgment. *See UpCurve Energy Partners*, 661 S.W.3d at 916. Appellant's affidavit stated in relevant part:

> I am the named defendant in the above-styled and numbered lawsuit and have been the owner of the subject property since 1984 when it was given to me by my parents.
>
> . . . .
>
> After I became owner of the property, I retained at least three attorneys during this time period to try and remedy the situation. These attorneys included Gerald Pomeranz and Richard Talbert, both experienced real estate lawyers from Weslaco. At least one of the attorneys sent a letter to the property owners demanding that they remove the encroachment, but as far as I knew they never responded.
>
> In addition, approximately 10 years ago I confronted Danny Castillo who was then one of the owners of the property and told him that he needed to remove the encroachment. Neither myself nor my father ever agreed or allowed the encroachment onto the property. In fact, when the new owners appeared in 2022 I told their representative that they needed to remove the encroachment.

Thus, appellant's own affidavit establishes that (1) there is an actual and visible possession of the disputed property; (2) the possession was adverse and hostile to the claim of the owner of record title (appellant); (3) that is open and notorious; (4) that is peaceable; (5) that is exclusive; and (6) that involves continuous cultivation, use, or enjoyment throughout the statutory period. *See NAC Tex Hotel Co.*, 481 S.W.3d at 331–32.

9

Because appellant never filed a suit regarding the alleged trespass, appellee and its predecessor owners enjoyed peaceable possession and use of the encroaching property. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(3). Moreover, appellee and its predecessor owners maintained possession of the property since at least 1984, well beyond the ten-year period that would ordinarily be required. *See id.* § 16.023 ("To satisfy a limitations period, peaceable and adverse possession does not need to continue in the same person, but there must be privity of estate between each holder and his successor."); *id.* § 16.026 (Adverse Possession: 10-Year Limitations Period); *see also Castillo v. Luna*, 640 S.W.3d 256, 261 (Tex. App.—Houston [14th Dist.] 2021, pet. filed). Accordingly, the summary judgment evidence conclusively establishes appellee's adverse possession affirmative defense, defeating appellant's claims for trespass. *See Draughon*, 631 S.W.3d at 88. Therefore, the trial court did not err when it granted appellee's motion for summary judgment on appellee's declaratory judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(c); *Kazmir*, 288 S.W.3d at 561.

## V.   CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Delivered and filed on the
17th day of August, 2023.

10